317 P.2d 946

Francisca Calvario RODRIQUEZ, widow of Jose Luna Rodriquez, deceased, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Phelps Dodge Corporation, Douglas Reduction Works, Respondents.

No. 6455.

Supreme Court of Arizona.

Nov. 12, 1957.

H. S. McCluskey, Phoenix, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission.

Evans, Kitchel & Jenckes and Earl H. Carroll, Phoenix, for respondent Phelps Dodge Corp.

WINDES, Justice.

Jose Rodriquez was employed by Phelps Dodge Corporation, none of his work being underground. During the last ten years he worked in excess of 1,200 shifts. On March 2, 1955, he was admitted to Phelps Dodge hospital and he died there on March 19th. Francisca Rodriquez, widow of decedent and petitioner herein, filed with the Arizona Industrial Commission a claim for compensation under the provisions of the Arizona Occupational Disease Disability Law. The respondent commission denied compensation and petitioner brings the matter to us by certiorari.

At the hospital decedent was examined and treated by Dr. H. B. Fellows. The initial diagnosis was "silicosis, probably tuberculosis". While in the hospital his chest was tapped for excess fluid. On March 15th Dr. Fellows, suspecting diabetes, had decedent tested for this disease.

He expired four days later. In the death certificate Dr. Fellows stated:

"Disease or condition directly leading to death: Acute Nephrosis; Antecedent Causes—Renal Failure and Diabetic Acidosis. Other significant conditions, Silicosis, Stage II, Tuberculosis, Pulmonary."

At the request of petitioner Dr. Fellows wrote the commission. So far as important the letter states:

"Mr. Rodriquez, an employee at the Douglas Reduction Works of Phelps Dodge Corporation, was hospitalized on March 2, 1955. His condition was diagnosed at that time as silicosis, Stage II, and pulmonary tuberculosis. His death on March 19, 1955, was caused by acute nephrosis and diabetic acidosis which, in my opinion, were wholly unrelated to the silico-tubercular condition. However, it is my opinion that the silico-tubercular condition might have been a factor contributing to the death in that Mr. Rodriquez might have survived the nephrosis and diabetes a little longer if his general physical condition had not been materially lowered by the silico-tuberculosis."

Thereafter the matter was referred to the commission's silicosis board. This board requested a pathological examination of lung tissue which was done and the samples were submitted to Dr. George Hartman. The matter was again submitted to the silicosis board and it reported in part:

"That the diagnosis of terminal diabetic acidosis and uremia from kidney failure and anuria are justified."
and that:

"tuberculosis (but not silicosis) will aggravate a diabetic condition, by making it more difficult to control."
and that:

"We believe, therefore, that the tuberculosis made the diabetic condition more difficult to control, but that the silico-tuberculosis did not contribute to the condition (kidney failure) which caused his death."

After hearing held pursuant to petitioner's motion for rehearing, the case was again referred to the silicosis board and it recommended a full autopsy. This was performed and the pathologists performing the same reported. Thereafter the matter was again referred to the silicosis board and it again reported that "silico-tuberculosis did not contribute to the condition (kidney failure) which caused his death."

In rendering the final award denying compensation the commission so far as ma-

terial found that decedent died as a result of kidney failure, anuria and uremia; that his terminal nephritic condition was caused by uncontrolled diabetes; that he had silicosis and tuberculosis at the time of his death; and that silicosis did not contribute to decedent's death and was in no manner causally related thereto.

Petitioner submitted seven assignments of error. The only ones which we deem necessary to consider present the question of whether the findings and award are supported by the evidence. For petitioner to be entitled to compensation under the occupational disease law, it must appear that the death resulted from or was contributed to by the silicosis. Sections 56–1213, subsection (b), and 56–1255, 1952 Supp., A.C.A.1939 (now sections 23–1107, subsection B, and 23–1242, A.R.S.). For this court to compel the commission to award compensation the undisputed evidence must show that the death did result from or was contributed to by the silicosis with which the commission found he was suffering. The evidence heretofore set forth shows clearly that the commission had before it evidence which legally justifies its findings and award.

Award affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.